1  McGREGOR W. SCOTT
   United States Attorney
2  CHRISTINA McCALL
   Assistant United States Attorney
3  Christina.McCall@usdoj.gov

4  Attorneys for Plaintiff
   United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>TIMOTHY HORWATH,<br><br>  Defendant. | CASE NO. 19-CR-0216 JAM<br><br>STIPULATION TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: June 16, 2020<br>TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order (ECF No. 17), in compliance with General Orders 611 and 612, the Court continued the status conference in this matter from April 14, 2020 to June 16, 2020 at 9:15 a.m.

2. By this stipulation, the parties move to exclude time between April 14, 2020 and June 16, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The discovery produced in this case so far includes certain investigative reports, criminal history information, and recorded statements of the defendant. Discovery produced to date includes over 750 pages of documents and photographs, four sets of audio recordings and one video recording. This discovery has been produced directly to counsel. Defense counsel recently sent an expanded discovery request, and the case agent is assessing which information is available to respond to that request. The government has offered to conduct a review of the

contraband evidence in this case for defense counsel, pursuant to 18 U.S.C. § 3509(m), and continues to offer further review of contraband evidence.

    b) Counsel for defendant desires additional time to: research potential defenses and motions; discuss legal issues, strategies and potential evidence in the case with their client; and review additional information from the government. Additionally, in light of the current outbreak of COVID-19 coronavirus, and recommended precautions designed to slow the transmission of the virus, in-person meetings with clients are difficult to arrange at this time.

    c) Counsel for defendant believes that failure to grant the above-requested continuance, especially in light of the coronavirus outbreak, would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government joins in the request for the continuance.

    e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 14, 2020 to June 16, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

//
//
//
//
//
//
//
//

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 26, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ CHRISTINA McCALL
CHRISTINA McCALL
Assistant United States Attorney

Dated: March 26, 2020

By: /s/ DAVID D. FISCHER
DAVID D. FISCHER
DAVID W. DRATMAN
Counsel for Defendant
TIMOTHY HORWATH

## FINDINGS AND ORDER

The Court has read and considered the Stipulation to Exclude Time Under Speedy Trial Act filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Time is excluded under the Speedy Trial Act between April 14, 2020 and June 16, 2020.

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

DATED: 3/26/2020

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE