DAVID D. FISCHER (SBN 224900)
LAW OFFICES OF DAVID D. FISCHER, APC
5701 Lonetree Blvd. Suite 312
Rocklin, CA 95765
Tel.  (916) 447-8600
Fax  (916) 930-6482
E-mail:  davefischer@yahoo.com

DAVID W. DRATMAN
ATTORNEY AT LAW
1007 7th Street, Suite 305
Sacramento, CA 95814
Tel. (916) 443-2000
Fax (916) 443-0989
E-Mail:  dwdratman@aol.com

Attorneys for Defendant
TIMOTHY HORWATH

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TIMOTHY HORWATH,<br><br>　　　　Defendant. | No. 2:19-CR-00216 JAM<br><br>STIPULATION AND ORDER CONTINUING THE STATUS CONFERENCE TO DECEMBER 8, 2020, AT 9:15 A.M. |

STIPULATION AND ORDER                    1

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED between the defendant, TIMOTHY HORWATH, by and through his undersigned defense counsel, and the United States of America, by and through its counsel, CHRISTINA MCCALL, Assistant U.S. Attorney, that the status conference presently set for September 22, 2020, should be continued to December 8, 2020, and that time under the Speedy Trial Act should be excluded from between those dates under Local Code T4.

The parties agree and stipulate, and request the Court find that the discovery produced in this case so far consists of certain investigative reports, criminal history information, and recorded statements of the defendant. Discovery produced to date includes 781 pages of documents and photographs, four sets of audio recordings and one video recording

The reasons for the continuance are that the defense is still reviewing discovery already provided. The government has also offered to conduct a review of the contraband evidence in this case for defense counsel, pursuant to 18 U.S.C. § 3509(m). And the defense is in the process of retaining an expert.

The continuance is also necessary to ensure continuity of counsel, given other pre-existing commitments for counsel for the defendant. Accordingly, the time between September 22, 2020, and December 8, 2020, inclusive, should be excluded from the Speedy Trial calculation pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(iv) and Local Code T-4 for defense preparation. Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties stipulate that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §3161(h)(7)(A).

Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED

Dated:  September 8, 2020                          MCGREGOR SCOTT
                                                   U.S. ATTORNEY

                                                   /s/ Christina McCall
                                                   CHRISTINA MCCALL
                                                   Assistant U.S. Attorney
                                                   Attorney for Plaintiff


Dated:  September 8, 2020                          /s/  David D. Fischer
                                                   DAVID D. FISCHER
                                                   DAVID W. DRATMAN
                                                   Attorneys for Defendant
                                                   TIMOTHY HORWATH

## FINDINGS AND ORDER

The Court has read and considered the Stipulation to Continue Status Conference and Exclude Time Under Speedy Trial Act filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

IT IS SO FOUND AND ORDERED this 10th day of September, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE