PHILLIP A. TALBERT
United States Attorney
CHRISTINA McCALL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY HORWATH,<br><br>Defendant. | CASE NO. 2:19-cr-00216-JAM<br><br>UNITED STATES' MEMORANDUM REGARDING THE DEFENDANT'S CHANGE OF PLEA<br><br>DATE: April 25, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

The defendant is charged in the Indictment with a single count of 18 U.S.C. § 2252(a)(2) – Receipt of Child Pornography. ECF No. 1. Counsel for the defendant has indicated that he intends to enter a guilty plea on April 25, 2023. ECF No. 34. Since the defendant is entering a plea without a plea agreement, the United States offers this memorandum in advance of this change of plea.

**ELEMENTS**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

As to the sole count of the Indictment, Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2):

First: the defendant knowingly received a visual depiction.

Second: the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct.

Third: the visual depiction was of a minor engaging in sexually explicit conduct.

Fourth: the defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct.

Fifth: That the visual depiction was received:

--using any means or facility of interstate or foreign commerce or

--by shipping or transporting in or affecting interstate or foreign commerce or

--containing materials that had been mailed, or shipped or transported in interstate commerce, by any means including by computer.

Source: Sixth Circuit Model Jury Instruction 16.05, current as of March 1, 2023.

## POSSIBLE PENALTIES

- Maximum 20 years of imprisonment
- Mandatory minimum 5 years of imprisonment
- Maximum $250,000 fine
- Minimum 5 years of supervised release (18 U.S.C. § 3583(k))
- Maximum lifetime supervised release (18 U.S.C. § 3583(k))
- Mandatory $5,100 special assessment (18 U.S.C. §§ 3013, 3014)
- Discretionary special assessment of up to $35,000 (18 U.S.C. § 2259A(a)(2))
- Forfeiture (18 U.S.C. § 2253(a))
- Mandatory restitution to victims (18 U.S.C. §2259)

## VIOLATIONS OF SUPERVISED RELEASE

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release.  In certain circumstances, when a person is required to register as a sex offender and then commits certain other federal sex offenses, the court may revoke the supervised release for at least 5 years.  The Supreme

Court has held that such a revocation requires a finding by a jury, however, not by a judge.

Dated:  April 20, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ CHRISTINA McCALL
CHRISTINA McCALL
Assistant United States Attorney