PHILLIP A. TALBERT
United States Attorney
CHRISTINA McCALL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,    | CASE NO. 2:19-CR-0216 JAM |
|---|---|
| Plaintiff,                   | UNITED STATES' SENTENCING MEMORANDUM |
| v.                           | DATE: September 26, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |
| TIMOTHY ALLEN HORWATH,       | |
| Defendant.                   | |

## I.  INTRODUCTION

The United States respectfully submits its sentencing memorandum concerning Timothy Allen Horwath, who was serving as a California Highway Patrol Officer while receiving visual depictions of children engaging in sexually explicit conduct.  In this case, Horwath was downloading thousands of still images and videos constituting child pornography, and deliberately violated his bond conditions by using the internet, smart phones, and social media accounts.  Mindful of Horwath's offense conduct, his history and characteristics, and the need to protect the public from further crimes committed by Horwath, the government requests that the Court impose a sentence of 121 months in prison, followed by 10 years of supervised release, $53,000 in restitution, and order special assessments of $5,100.

## II.  PROCEDURAL HISTORY

A federal grand jury returned an indictment charging Horwath with a violation of 18 U.S.C. § 2252(a)(2) – receipt of child pornography.  Docket 1, Indictment.  In February of 2023, law enforcement

agents executed a search warrant at Horwath's residence, and found evidence that he was violating court orders, constituting contempt of court. Docket 62-68. A detailed explanation of defendant's bond violations is contained in the government's motion to revoke bond, Docket 63. On April 25, 2023, without a written plea agreement, Defendant pleaded guilty to the sole count in the Indictment. Defendant agreed to deposit $75,000 into the Court's registry to be used to pay restitution and assessments, in lieu of bond forfeiture. Docket 72.

### III.     FACTUAL BACKGROUND

In 2019, investigators from the California Highway Patrol (CHP) Computer Crimes Investigation Unit were running an undercover operation, looking for users of peer-to-peer software in the Redding, California area. PSR ¶ 9. The investigators noticed that one IP address was sharing over 100 suspected child pornography files, and further investigation revealed that Horwath was the one whose computer was sharing those files. *Id.* In October of 2019, CHP investigators executed a search warrant at Horwath's residence and locker at the CHP station. PSR ¶ 10. In the garage, hidden inside a CHP duty bag, investigators located the laptop computer that Horwath had been secretly using to traffic in visual depictions of children engaging in sexually explicit conduct. PSR ¶¶ 10-12. Some of the files on the computer depicted extremely young children (as young as three and four years old) being forcibly raped and sexually abused by adult males. PSR ¶ 12. Investigators also found a cell phone on Horwath's person, which contained thousands of visual depictions of children engaging in sexually explicit conduct. PSR ¶ 13.

Investigators also discovered that Horwath had been sending money to females in the Philippines, and corresponding with females in the Philippines using social media tools. PSR ¶ 45. For one young female (who was over the age of 18 when Horwath communicated with her), Horwath wrote, "If you need some money You can always send me more videos and I can send you a little. …Go slower in videos you move your hand too fast. Lol . . . Spread more. Use fingers ets. Maybe hairbrush. Something fun." PSR ¶ 49.

Investigators learned that Horwath had been communicating with a young female in Brazil (who, when later interviewed by law enforcement agents, denied ever communicating with him) and misrepresenting himself to be a 19-year-old. PSR ¶ 50. That female told Horwath she was 16 years old.

*Id.* Similar to his conduct with the female in the Philippines, Horwath asked the Brazilian female to take photos and a video of herself, writing, "You touch yourself where you would want me to touch you." *Id.* Horwath also wrote, "Prop your camera up and record a short video of you touching yourself where you want me to touch you. Oh so exciting" and went on to get even more graphic in his requests. *Id.*

### IV.   SENTENCING GUIDELINES CALCULATION

#### A.   Sentencing Guidelines Calculations

The government agrees with the Sentencing Guidelines set forth in the Presentence Report. PSR ¶¶ 31-44. The base offense level is 22 (U.S.S.G. § 2G2.2(a)(2)). Several specific offense characteristics apply, reflecting pre-pubescent minor (+2 levels, § 2G2.2(b)(2)), abuse of an infant or toddler (+4 levels, § 2G2.2(b)(4)), use of a computer (+2 levels, § 2G2.2(b)(6)), and over 600 images (+5 levels, § 2G2.2(b)(7)(D)). After a three-level reduction under U.S.S.G. §3E1.1, the total adjusted offense level is 32.

#### B.   Criminal History / Prior Convictions

The Government agrees with the Probation Department's criminal history computations. PSR ¶¶ 51-57. Horwath's criminal history category is I, with 0 criminal history points.

### V.   ANALYSIS OF SENTENCING FACTORS UNDER 18 U.S.C. § 3553(A)

#### A.   The Nature and Circumstances of the Instant Offense Involve Trafficking in Child Sexual Abuse Materials, Causing Further Harm to the Victims Portrayed

This criminal offense involved Defendant receiving, and making available, through peer-to-peer file sharing (even if he did not actively intend to distribute), files depicting terrible sexual abuse of young children using the internet. The Victim Impact Statements submitted for this case describe the devastating and continuing impact this trafficking crime has on the victims whose abuse is portrayed in the files. Docket 78-5 through 78-15. The Victim Impact Statements describe the ongoing trauma and that some of the victims have suffered as a result of crimes like the ones Defendant committed. *Id.* Horwath also used social media applications to chat with young females in other countries and ask them to send him explicit photos and videos of themselves. He did all of that while serving as a sworn law enforcement officer in the state of California, and hid his criminal activity from his family and his

employer. Additionally, once release on bond in this case, defendant deliberately and repeatedly violated the most important bond conditions in a case like this.

### B. The Recommended Sentence Also Reflects the Seriousness of the Offense, Promotes Respect for the Law, and Provides Just Punishment for the Offense

When imposing a sentence, courts must consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offenses. As noted above, the offense of distributing visual depictions of very young children being sexually abused is very serious and contributes to ongoing harm for the victims. The recommended sentence of 121 months in prison should promote respect for the law, provide just punishment for the offense, and achieve the factors set forth in 18 U.S.C. § 3553(a)(2)(A).

### C. A 121-Month Sentence Will Also Deter Criminal Conduct and Protect the Public from Future Crimes by Defendant

In addition to the factors already analyzed, the government's recommended sentence will provide specific and general deterrence to further criminal conduct. The recommended 121-month sentence will send a message to others that trafficking in vile depictions of very young children being raped, and trying to get young females to send photos and videos of themselves engaged in sexually explicit conduct, especially by someone holding a position of trust and great responsibility as a sworn law enforcement officer, will be appropriately punished. The recommended sentence of 121 months, with Bureau of Prisons programming directed at sexual offenders, should hopefully help specifically deter Horwath from future crimes.

### D. Providing Restitution to Victims of the Offenses

The government agrees with United States Probation's recommended restitution awards, totaling $53,000. PSR ¶ 104, and Restitution Attachment. The recommended sentence, including the $53,000 in restitution, satisfies the statutory sentencing goal of providing restitution to the victims of Horwath's offenses. In the unique circumstances of this case, where Horwath has already deposited $75,000 into the Court's registry to be used for restitution, the victims who submitted claims will <u>actually receive</u> the money, which is very rare in a case like this. Counsel for some of the victims in this case expressed gratitude that their clients will actually be receiving the money shortly after sentencing, due to the

parties' agreement to pre-deposit funds for restitution and avoid bond forfeiture litigation. Typically only a small fraction of restitution awarded by courts is paid by defendants.

### VI. JUSTICE FOR VICTIMS OF TRAFFICKING ACT (JVTA) ASSESSMENT

Defendant has sufficient assets to pay the $5,000 JVTA assessment now. The United States requests that the Court impose the special assessment.

### VII. CONCLUSION

For all of the foregoing reasons, the government asks the Court to impose the recommended 121-month prison sentence, to be followed by 10 years of supervised release, with the conditions recommended by the United States Probation Officer, including registration as a sex offender under California law, $53,000 in restitution, and a $5,100 special assessment (incorporating the mandatory assessments under 18 U.S.C. §§ 3013 and 3014).

Dated:  September 21, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ CHRISTINA McCALL
CHRISTINA McCALL
Assistant United States Attorney